Brody A. McBride (CA SBN 270852)
2011 Palomar Airport Road, Suite 101
Carlsbad, CA 92011
(760) 253-1231
brody@brodymcbride.com

Trenton G. Lamere (CA SBN 272760)
Lamere Legal PLLC
200 E. Randolph St., Ste. 5100
Chicago, IL 60601
(312) 235-3118
trenton@lamerelegal.com

Attorneys for Plaintiff Brent Ebert

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT EBERT, | Case No. **'24CV2077 JLS MMP** |
| Plaintiff, | |
| v. | **COMPLAINT** |
| COUNTY OF SAN DIEGO, AUSTIN DRUDA, EVAN MALDANADO, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## I.    INTRODUCTION

1.    Plaintiff Brent Ebert sues Defendants County of San Diego, San Diego Sheriff's Deputy Austin Druda, and San Diego Sheriff's Corporal Evan Maldanado for excessive force, pursuant to 42 U.S.C. § 1983 and various state laws.

## II.    JURISDICTION, VENUE, AND CLAIMS

2.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as Plaintiff asserts a cause of action arising under 42 U.S.C. § 1983, in addition to California causes of action that arise from the same controversy giving rise to Plaintiff's federal claim.

3.    The Court has personal jurisdiction over all Defendants in this action, as all

Defendants are and were, at all times relevant to this complaint, situated, regularly conduct business, and/or are and were domiciled in the State of California.

4. Venue is proper in this district, as the events giving rise to this action occurred in the County of San Diego, California, which is located within this judicial district.

5. Plaintiff has complied with the California Government Code requirements to assert state-law causes of action and have, in particular, submitted a tort claim for damages to the County, which the County denied by letter dated May 6, 2024.

### III. PARTIES

6. Plaintiff Brent Ebert ("Ebert") is and was, at all times relevant to this complaint, an individual domiciled in California.

7. Defendant County of San Diego ("County") is and was, at all times relevant to this complaint, a municipal entity duly organized under California law. The San Diego County Sheriff's Department ("Sheriff's Department") is the chief law enforcement agency for the County. The Sheriff's Department manages and operates the County's jail system and facilities and was, at all times relevant to this complaint, responsible for the policies, procedures, practices, and customs of the County's jail systems and facilities, as well as for the hiring, training, supervision, discipline, actions, and inactions of the County's agents and/or employees working in the County's jail systems and facilities.

8. Defendant San Diego Sheriff's Deputy Austin Druda ("Druda") is and was, at all times relevant to this complaint, an individual working as a law enforcement officer acting under color of state law, as well as an employee of the County and the Sheriff's Department working in the course and scope of his employment.

9. Defendant San Diego Sheriff's Corporal Evan Maldanado ("Maldanado") is and was, at all times relevant to this complaint, an individual working as a law enforcement officer acting under color of state law, as well as an employee of the County and the Sheriff's Department working in the course and scope of his employment.

### IV. FACTS

10. On July 1, 2023, law enforcement officers stopped Ebert on suspicion of driving

2

COMPLAINT

a stolen vehicle. Ebert did not immediately yield to officers, instead continuing to drive for approximately three minutes.

11. Once Ebert stopped, he then attempted to run from officers on foot, but officers quickly caught up with Ebert.

12. Once officers caught up with him, Ebert immediately surrendered. He did not resist or attempt to attack the officers in any way.

13. Ebert was unarmed at the time and had not brandished or otherwise threatened to use any weapon.

14. Obviously upset with Ebert, Druda and Maldanado proceeded to punish Ebert with physical violence.

15. Even though Ebert was on the ground and had surrendered, Druda punched Ebert in the face four to five times, and Maldanado used his elbow to strike Ebert in the face, as well.

16. Druda's and Maldanado's uses of force were, under the circumstances, objectively reasonable. When they used force, Ebert was not resisting or attempting to assault the officers in any way. Druda' and Maldanado's uses of excessive force was not a response to any threat by Ebert but was instead punitive in nature.

17. Druda and Maldanado fractured Ebert's orbital socket, in addition to causing multiple other cuts and abrasions. A bone remains "floating" in Mr. Ebert's face. Ebert's injuries were followed by physical pain (including major headaches), mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, anxiety, humiliation, and emotional distress.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 – Excessive Force

**(By Ebert Against Druda, Maldanado)**

18. All prior paragraphs are incorporated herein by this reference.

19. On July 1, 2023, when they used force on Ebert, Druda and Maldanado were acting under color of state law.

20. By using the excessive and unjustified force alleged herein, Druda and Maldanado violated Ebert's Fourth Amendment right to be free from excessive force.

21. The force used by Druda and Maldanado was excessive because it was, under a totality of the circumstances, objectively unreasonable.

22. When Druda punched Ebert in the face four to five times, and Maldanado used his elbow to strike Ebert in the face, Ebert had surrendered to the officers. Ebert was unarmed and was not actively resisting. The officers' use of force was plainly punitive and not meant to address any resistance or threat by Ebert.

23. Druda's and Maldanado's excessive force resulted in serious injuries to Ebert, including a fractured orbital socket.

24. As an actual and proximate cause of Druda's and Maldanado's excessive force, Ebert suffered special and general damages, including medical expenses, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, anxiety, humiliation, and emotional distress.

25. Druda and Maldanado recklessly disregarded Ebert's constitutionally protected rights. Ebert thus seeks an award of exemplary damages against these defendants in an amount sufficient to punish their conduct and to deter such conduct in the future.

## SECOND CAUSE OF ACTION – Bane Act
### (By Ebert Against Druda, Maldanado, County)

26. All prior paragraphs are incorporated herein by this reference.

27. In using the excessive and unjustified uses of force alleged herein, Druda and Maldanado interfered with Ebert's constitutional right to be free from excessive force, as guaranteed by the Fourth Amendment of the U.S. Constitution. By knowingly (or recklessly) inflicting substantial pain and injury without justification, these defendants interfered with Ebert's rights through intimidation and coercion. Further, in committing the violent acts alleged herein, these defendants acted with reckless disregard of Ebert's constitutional rights. As a result, these defendants are liable under section 52.1 of the California Civil Code.

28. These defendants' unlawful conduct directly and proximately caused the

COMPLAINT

physical and emotional harm alleged herein.

29. These individual defendants were acting within the scope of their employment for the County of San Diego as a law enforcement officers. Thus, the statutory basis for the (vicarious) liability of Defendant County of San Diego is Government Code section 815.2, subdivision (a).

30. Ebert is entitled to compensatory damages, in an amount to be proven at trial, and statutory damages set forth by sections 52 and 52.1(b) of the California Civil Code. These statutory damages include treble damages. Further, Ebert is entitled to recover his costs and attorneys' fees.

31. Further, these individual defendants acted with unnecessary, cruel, and despicable conduct and in wanton disregard for the civil rights, health, and safety of Ebert. As a result, Ebert is entitled, under Civil Code sections 52.1(c) and 52(b)(1), to recover exemplary damages against the individual defendants in an amount to be proven at trial.

## THIRD CAUSE OF ACTION – Battery

### (By Ebert Against Druda, Maldanado, County)

32. All prior paragraphs are incorporated herein by this reference.

33. In using the excessive and unjustified uses of force alleged herein, Druda and Maldanado intentionally touched Ebert.

34. Ebert did not consent to any touching or use of force by these defendants.

35. These defendants' unreasonable force was a substantial factor in causing the physical and emotional harm to Ebert alleged herein.

36. These individual defendants were acting within the scope of their employment for the County of San Diego as a law enforcement officers. Thus, the statutory basis for the (vicarious) liability of Defendant County of San Diego is Government Code section 815.2, subdivision (a).

37. Further, these individual defendants acted with unnecessary, cruel, and despicable conduct and in wanton disregard for the civil rights, health, and safety of Ebert. As a result, Ebert is entitled to recover exemplary damages against the individual defendants

in an amount to be proven at trial..

## FOURTH CAUSE OF ACTION – Negligence

### (By Ebert Against Druda, Maldanado, County)

38. All prior paragraphs are incorporated herein by this reference.

39. On July 1, 2023, Druda and Maldanado owed a duty of reasonable care to Ebert, an individual they had taken into their custody, including a duty to use only objectively reasonable force, and to refrain from using excessive force

40. In using the excessive and unjustified uses of force alleged herein, Druda and Maldanado breached their duty of reasonable care.

41. These individual defendants' negligence directly and proximately caused the physical and emotional harm to Ebert alleged herein.

42. These individual defendants were acting within the scope of their employment and/or agency for the County of San Diego. Thus, the statutory basis for the (vicarious) liability of Defendant County of San Diego is Government Code section 815.2, subdivision (a).

## VI.   PRAYER FOR RELIEF

43. Pursuant to the foregoing causes of action, Plaintiffs pray for the following relief:

   a. on all causes of action, that judgment be rendered in favor of Plaintiff and against Defendants;

   b. on all causes of action, that compensatory damages (including economic and noneconomic damages) be awarded as permitted by federal and state law, in amounts to be determined at trial;

   c. that punitive damages be awarded against the individual defendants as permitted by federal and state law, in an amount sufficient to deter and make examples out of these individuals;

   d. on the Second Cause of Action, that treble damages be awarded as permitted by California Civil Code section 52.1(c) and 52(a);

6

COMPLAINT

   e. reasonable attorney fees, expenses, and costs of suit pursuant to 42 U.S.C. § 1988, California Civil Code section 52.1(i), and all other relevant statutory or case law;

   f. prejudgment interest; and

   g. any and all other relief in law or equity to which Plaintiff may be entitled and which this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

44. Pursuant to the Seventh Amendment and Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: November 5, 2024    LAMERE LEGAL PLLC

            By: *s/Trenton G. Lamere*

            Attorney for Plaintiff Brent Ebert