UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT EBERT,<br><br>                             Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, AUSTIN DRUDA, EVAN MALDANADO,<br><br>                            Defendants. | Case No.: 24-CV-2077 JLS (MMP)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE MOTION FOR AN ORDER PERMITTING LODGMENT OF VIDEO EVIDENCE**<br><br>(ECF No. 8) |

      On February 13, 2025, the Court received Defendants' *Ex Parte* Motion for Order Permitting Lodgment of Video Evidence ("Ex Parte Mot.," ECF No. 8). Defendants indicated Plaintiff's counsel agreed to not object to the lodgment of body worn camera video evidence in support of Defendants' Motion to Dismiss. *Ex Parte* Mot. at 2. Defendants requested the Court permit the filing of two video exhibits described as:

      **Exhibit C**: Austin Druda's Body Worn Camera Video from the date of the Incident that is the subject of Plaintiff's Complaint.

      **Exhibit D**: Evan Maldanado's Body Worn Camera Video from the date of the Incident that is the subject of Plaintiff's Complaint.

1  *Id.* Plaintiff, shortly thereafter, filed an Opposition to Defendants' *Ex Parte* Application ("Ex Parte Opp'n," ECF No. 9). There, Plaintiff clarified he "does not object to the footage being *lodged* with the Court, along with the appropriate request for judicial notice," but opposed Defendants' Motion "to the extent it asks the Court to 'permit the *filing*' of body worn camera footage on the docket in this matter." Ex Parte Opp'n at 1 (emphasis in original). Defendants then filed their Motion to Dismiss Plaintiff's Complaint ("MTD," ECF No. 10), including, among other things, a Notice of Lodgment of the aforementioned body worn video evidence (ECF No. 10-3), and Request for Judicial Notice (ECF No. 10-4).

While Plaintiff suggests in his Opposition that Defendants also seek to "file" the video evidence on the docket, the Court does not share this interpretation of Defendants' *Ex Parte* Motion, which expresses such evidence "*cannot* be filed through the Court's CM/ECF system." *Ex Parte* Mot. at 2 (emphasis added). Accordingly, the Court construes Defendants' *Ex Parte* Motion as a request to lodge Exhibit C and D, which Plaintiff does not oppose.

As Plaintiff does not object to the lodgment, and good cause appearing, the Court **GRANTS** the Motion. Defendants **SHALL LODGE** a universal serial bus ("USB") drive containing Exhibit C and Exhibit D to their Motion to Dismiss, **SHALL PROVIDE** a courtesy copy of the USB drive to the Court, and **SHALL SERVE** Plaintiff with a copy of the USB drive pursuant to Federal Rule of Civil Procedure 4.[1]

**IT IS SO ORDERED.**

Dated: February 24, 2025

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court does not reach, at this time, Defendants' Request for Judicial Notice (ECF No. 10-4) attached to their Motion to Dismiss, and nothing in this Order should be construed as suggesting the Court will grant or deny such request.